```
                  IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON

                            PORTLAND DIVISION

LAWRENCE DEAN HOWELL,
                                        Civil No. 09-CV-1528-ST
        Petitioner,

        v.

JEFF PREMO, Superintendent,             FINDINGS AND RECOMMENDATION
Oregon State Penitentiary,

        Respondent.

     Anthony D. Bornstein
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204
          Attorney for Petitioner

     John R. Kroger
     Attorney General
     Kristen E. Boyd
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310
          Attorneys for Respondent


     1 - FINDINGS AND RECOMMENDATION
```

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of a 2006 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") denying him re-release to the community. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

The factual background for this case is not in dispute. Petitioner was convicted of Kidnapping in the Second Degree and sentenced in 1984 to a six-year sentence. Respondent's Exhibit 101, Judgment, p. 3. One year later, he was convicted of Sodomy in the First Degree and sentenced to an indeterminate 30-year sentence. *Id* at 2. In February of 1995, petitioner was convicted of Sexual Abuse in the Second Degree and sentenced to 36 months' imprisonment which was to run consecutively to his 30-year sentence. *Id* at 4-5.

Petitioner's original good time date on his indeterminate 30-year sentence was May 1, 2004. Respondent's Exhibit 102. On August 22, 2000, the Board set a parole release date of October 14, 2002. *Id* at 2. On October 14, 2002, petitioner was paroled to prison to begin serving his 36-month guidelines sentence for his Sexual Abuse conviction.

2 - FINDINGS AND RECOMMENDATION

Upon the completion of his 36-month guidelines sentence on March 9, 2005, petitioner was released to continue serving his parole for the 30-year indeterminate sentence. According to the Oregon Department of Corrections ("ODOC"), although petitioner "was not released from ODOC physical custody until March 9, 2005, the 30-year indeterminate sentence did not expire on the good time date of May 1, 2004, because he had been released to parole on October 14, 2002, when he began serving the 36-month guideline sentence." Respondent's Exhibit 117, p. 4.

On November 4, 2005, the Board revoked petitioner's parole and returned him to prison until March 10, 2006. *Id*. On May 19, 2006, the Board revoked petitioner's parole again, and on July 5, 2006, the Board denied him re-release on the basis that he could not be adequately controlled in the community. Respondent's Exhibit 115, BAF #23, p. 3.  The Board then set a new parole date in February of 2012.

Petitioner sought administrative review of the Board's July 5, 2006 Order, but the Board denied his request as untimely. Respondent's Exhibit 103. Petitioner sought judicial review in the Oregon Court of Appeals pursuant to ORS 144.335, but the State moved to dismiss the proceeding for lack of subject matter jurisdiction because: (1) the challenged order was not a "final order" pursuant ORS 144.335; and (2) to the extent it was a "final order," petitioner failed to exhaust his administrative remedies.

3 - FINDINGS AND RECOMMENDATION

Respondent's Exhibit 105. In response, petitioner voluntarily dismissed his case on June 19, 2007. Respondent's Exhibit 107.

Petitioner next filed a state habeas corpus action on July 2, 2007, alleging that he was unlawfully imprisoned beyond his sentence expiration date. Specifically, he argued that the Board had no authority to revoke his parole on the Sodomy conviction in 2006 because that conviction had expired no later than August 9, 2004. Respondent's Exhibit 110. The State moved to dismiss the Petition on the basis that petitioner failed to plead sufficient facts to show a right to relief and because ORS 144.335 restricts judicial review of adverse parole decisions solely to direct appeals to the Oregon Court of Appeals. Respondent's Exhibits 111, 119. The habeas trial court agreed, finding that the petition "fails to state a claim for Habeas Corpus relief and fails to allege facts with sufficient particularity which, if true, would entitle him to Habeas Corpus relief." Respondent's Exhibit 121.

Petitioner appealed this decision to the Oregon Court of Appeals, arguing that the Board failed to make necessary statutory findings in 2000 to release him from his indeterminate sentence to his guidelines sentence. As a result, he contended that he remained in custody on the indeterminate sentence with a good time release date of May 1, 2004, such that the Board could not revoke his parole in 2006. Respondent's Exhibit 122. The State did not respond to the merits of this claim, and instead argued only that

4 - FINDINGS AND RECOMMENDATION

petitioner could not avail himself of the habeas corpus remedy because his sole form of redress was to seek judicial review of the Board's order in the Oregon Court of Appeals on direct review as required by ORS 144.335. The Oregon Court of Appeals affirmed the habeas trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 128, 125, 127.

Petitioner filed this federal habeas corpus action *pro se* on December 31, 2009, raising three grounds for relief. The court subsequently appointed counsel to represent petitioner in this matter who framed petitioner's argument as follows:

> Because the Board did not make the necessary statutory findings in 2000, it did not have[] the authority to order [petitioner] released from his indeterminate . . . sentence to his sentenc[ing] guidelines . . Sentence. [Petitioner's] October 14, 2002, date should have been a Parole Consideration Hearing date. However, the Board never held another Parole consideration hearing with Plaintiff. Therefore, petitioner's indeterminate sentence expired by function of law on May 1, 2004([petitioner's] Good Time Date).

Memorandum in Support (docket #30), p. 8, quoting Respondent's Exhibit 122, pp. 10-11.

Petitioner relies on his briefing in the state courts to support this argument.

Respondent does not address the merits of petitioner's claim, and instead argues that petitioner failed to timely file this action and that the claim he argues is procedurally defaulted.
///

5 - FINDINGS AND RECOMMENDATION

## **FINDINGS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Petitioner's due process claim derives from the Board's 2000 Order which allegedly failed to make the appropriate findings to release him from his indeterminate 30-year sentence to his 36-month guidelines sentence. Petitioner did not avail himself of any administrative or judicial review of that 2000 Order and did not

6 - FINDINGS AND RECOMMENDATION

raise his due process issue in any of his subsequent parole hearings, some of which were conducted after petitioner's claimed sentence expiration date. Because August 22, 2000, was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2254(d)(1)(D), AEDPA's statute of limitations began to run at that time. Consequently, petitioner failed to timely file this case.

But even assuming that the July 5, 2006 Board order was the triggering event for statute of limitations purposes, this case is still not timely filed. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner did not file this federal habeas corpus action until December of 2009. Thus, the court can only consider it timely if his state court litigation was "properly filed" so as to toll AEDPA's statute of limitations.

Oregon law provides that the only judicial review available for challenges to a parole decision is in the form of a direct appeal pursuant to ORS 144.335. Petitioner did file such a direct appeal, but failed to do so in a timely manner and ultimately moved to dismiss his own case.

7 - FINDINGS AND RECOMMENDATION

He nevertheless argues that AEDPA's statute of limitations began to run on October 29, 2009, the date of the appellate judgment in his state habeas corpus proceedings. But a state habeas corpus action is only properly filed where it is filed in compliance with the applicable laws and rules governing such filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A state habeas corpus action was not an appropriate avenue to challenge the Board's July 5, 2006 decision. As a result, assuming that the Board's July 5, 2006 hearing constituted the triggering event for AEDPA's statute of limitations, there were no properly filed state actions sufficient to toll AEDPA's statute of limitations. Accordingly, petitioner's case is untimely by this measure as well.

Even if petitioner had timely filed this federal habeas corpus case, and further assuming he had fairly presented the federal due process claim he argues here, petitioner would not be entitled to relief on his due process claim. When a state creates a liberty interest in parole, the only federal constitutional requirements are to give the inmate an opportunity to be heard and to provide a statement of reasons as to why his parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). This is "the beginning and the end of the federal habeas courts' inquiry. . . ." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Because neither of these issues are raised by the Petition for Writ of Habeas Corpus, petitioner would not be entitled to

8 - FINDINGS AND RECOMMENDATION

relief on the merits of the claim he argues even if he had timely filed this action.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 22, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will go under advisement.

DATED this 5th day of April, 2011.

                              s/    Janice M. Stewart

                                    Janice M. Stewart
                                    United States Magistrate Judge